UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JOHN T. JOHNSON and
DEBORAH JOHNSON,

    Plaintiffs,

    v.

TEAM WASHINGTON, INC.,
DOMINO'S PIZZA, INC.,
THE ESTATE OF
MARCUS MARQUIOT BACCOUS and
JOHN DOE,

    Defendants.

Civil Action No. TDC-21-1693

## MEMORANDUM OPINION

Plaintiffs John T. Johnson and Deborah Johnson (collectively, "the Johnsons") have filed an Objection to Removal and Request for Remand to State Court Due to Lack of Diversity Jurisdiction ("the Motion to Remand"). ECF No. 14. Defendants Team Washington, Inc. ("TWI") and Domino's Pizza, Inc. ("Domino's") (collectively, "the Domino's Defendants") oppose the Motion. Having reviewed the briefs and submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

On May 24, 2021, the Johnsons filed suit in the Circuit Court for Prince George's County, Maryland alleging three claims stemming from a May 24, 2018 automobile accident in which John Johnson was severely injured and Marcus Marquiot Baccous, who worked as a Domino's delivery driver, was killed. The Johnsons allege that at the time of the accident, Baccous was in his Domino's uniform, with a Domino's sign on his car, and with Domino's delivery receipts in the

car. Because Baccous died in the accident, the Johnsons' claims against him are alleged against Defendant the Estate of Marcus Marquiot Baccous ("the Baccous Estate"). Specifically, the Johnsons allege claims of negligence (Count I) and loss of consortium (Count III) against the Baccous Estate; Domino's; TWI, the entity that allegedly owns the Domino's franchise location in Washington, D.C. for which Baccous delivered pizzas; and "John Doe" ("the John Doe Defendant"), the unnamed manager of that franchise location, who allegedly trained and supervised Baccous. Compl. ¶ 10, ECF No. 3. They also allege a claim of "*respondeat superior* liability for negligence" against Domino's, TWI, and the John Doe Defendant. *Id.* at 6.

On July 2, 2021, TWI was served with the Complaint, and on July 8, 2021, it removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332 (2018). In the Notice of Removal, TWI asserted that the Johnsons are citizens of Maryland, that TWI is a citizen of Delaware and Virginia, and that Domino's is a citizen of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1) (stating that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). As to the Baccous Estate, TWI asserted that under Maryland law, estates are not legal entities subject to suit, such that the Baccous Estate is not a party to be considered for purposes of diversity jurisdiction. TWI made no assertions about the citizenship of the John Doe Defendant.

## DISCUSSION

On August 6, 2021, the Johnsons timely filed their Motion to Remand, asserting that this case must be remanded to state court because based on the allegations in the Complaint, there is no diversity among the parties. In the Complaint, the Johnsons identify themselves as residents of Maryland and allege facts about TWI and Domino's that track the citizenship assertions about

2

those entities in the Notice of Removal. As a state court complaint, the Complaint did not make any allegations about the citizenship of the Baccous Estate or the John Doe Defendant. However, in the Motion, the Johnsons assert that Baccous was a Maryland resident, that his wife is a Maryland resident, and that they believe the John Doe Defendant to be a Maryland resident. They further assert that, as to the Baccous Estate, the Notice of Removal mischaracterizes Maryland law on the issue of whether an estate is a legal entity subject to suit.

In their memorandum in opposition to the Motion ("the Opposition"), the Domino's Defendants assert that they recently learned that on July 26, 2019, John Johnson entered into a settlement agreement with the Baccous Estate, and that he thereby released any and all further claims against the Baccous Estate stemming from the May 24, 2018 incident. In light of that release, on August 30, 2021, the parties filed a Stipulation of Partial Dismissal in which they agreed to the dismissal of the claims in the Complaint against the Baccous Estate, as well as of a Counterclaim against the Johnsons that had been filed by the Baccous Estate. ECF No. 23. The Domino's Defendants thus assert that because John Johnson had released all further claims against the Baccous Estate by the time this case was filed and removed, and Deborah Johnson's loss of consortium claim against the Baccous Estate did not survive John Johnson's release of liability, the Johnsons had no viable claims against the Baccous Estate at the time of removal, rendering the Baccous Estate a fraudulently joined defendant which should not be considered for purposes of diversity jurisdiction. They further argue that the inclusion of the John Doe Defendant does not defeat diversity jurisdiction because John Doe defendants are to be ignored in the diversity analysis or, alternatively, the Johnsons have no viable claim against the John Doe Defendant such that he, too, was fraudulently joined.

I.  **Legal Standards**

When a case is removed from state court to federal court, a plaintiff may file a motion to remand. 28 U.S.C. § 1447(c). If "the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Diversity jurisdiction exists if the parties are citizens of different states and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order for a case to be properly removed based on diversity jurisdiction, "[d]iversity must be established at the time of removal." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

The doctrine of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). To establish that a non-diverse party has been fraudulently joined, a removing party must "demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). A party seeking to show that there is no possibility that a plaintiff could recover against an in-state defendant "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* This standard imposes a "heavy burden" on a removing defendant because it is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id.*

II. **The Baccous Estate**

Turning first to the Baccous Estate, although the Johnsons have since dismissed their claims against the Baccous Estate, because "[d]iversity must be established at the time of removal," *Higgins*, 863 F.2d at 1166, that dismissal does not moot the question of whether the

inclusion of the Baccous Estate as a defendant rendered the parties non-diverse and removal improper. If considered for diversity purposes, the Baccous Estate would be deemed to be a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(2) ("For the purposes of this section and section 1441 of this title the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"). However, the dismissal of the Baccous Estate evinces the parties' mutual understanding, established by the language of Jack Johnson's release of claims, that at the time this case was filed and at the time it was removed, there was no possibility that Jack Johnson could establish a viable claim against the Baccous Estate related to the May 24, 2018 incident. *See Hartley*, 187 F.3d at 424; Release at 1, Opp'n Ex. 1, ECF No. 22-1 (stating that Johnson agreed to "hold harmless" Baccous and his "heirs, administrators, successors, executors, [and] assigns" "from any and all further liability" arising out of the May 24, 2018 incident).

Because Maryland law provides that a loss of consortium claim based on physical injuries sustained by a spouse as a result of negligence "can only be asserted in a joint action for injury to the marital relationship," where Jack Johnson previously settled all of his claims against the Baccous Estate, Deborah Johnson's loss of consortium claim necessarily fails. *Deems v. W. Md. Ry. Co.*, 231 A.2d 514, 525 (Md. 1967) (holding that where a wife "waited until after her husband's case for physical injuries has been settled before she instituted her action for loss of consortium," her claim "cannot prevail"); *see also Oaks v. Connors*, 660 A.2d 423, 428 (Md. 1995) (citing *Deems*). The Court therefore concludes that at the time this case was removed, there was no possibility that either Jack Johnson or Deborah Johnson could establish a claim against the Baccous Estate in state court based on the May 24, 2018 incident, such that the Baccous Estate was fraudulently joined.

The Johnsons' assertion that the settlement between Jack Johnson and the Baccous Estate did not waive any of Jack Johnson's claims against third parties does not alter this conclusion. The issue raised by Jack Johnson's release of any and all further claims against the Baccous Estate is not whether the Johnsons may still pursue claims against TWI and Domino's based on the May 24, 2018 incident, which neither TWI nor Domino's have contested for purposes of the Motion to Remand, but whether the Baccous Estate's citizenship can be considered for purposes of determining diversity of citizenship. Because the settlement plainly barred all of the claims asserted in the Complaint against the Baccous Estate, that defendant must be disregarded for purposes of determining whether there was diversity between the parties at the time of removal. *See Mayes*, 198 F.3d at 461.

### III.   John Doe Defendant

The Johnsons' claim of lack of diversity thus rests on the citizenship of the John Doe Defendant. On this point, the statutory language is plain: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The John Doe Defendant therefore does not provide a basis to find a lack of diversity jurisdiction.

The Johnsons have since asserted in their reply brief that the John Doe Defendant's identity is now known and that public records reflect that he works, resides, and attends college in Maryland. That information does not provide a basis to remand. First, the Johnsons may not amend their Complaint through their briefing. *Cf. Mylan Labs, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)), *aff'd*, 2 F.3d 56 (4th Cir. 1993). More importantly, even if the Complaint were to be amended to provide the name of the John Doe

Defendant, the Court is obligated to determine the existence of diversity at the time of removal, so it must disregard the John Doe Defendant, leaving the parties in this action diverse. *See Higgins*, 863 F.2d at 1166; 28 U.S.C. § 1441(b)(1). For the same reasons, the Johnsons' additional claim in their reply brief, that new information suggests that the Domino's franchise at issue in this case may not be a Washington, D.C. franchise but rather a Maryland one owned by a different company headquartered in Maryland, is irrelevant to the question of whether remand is required. *See Higgins*, 863 F.2d at 1166. The Court cannot consider the citizenship of potential future parties that were not properly named as defendants at the time of removal.

Where the Baccous Estate may not be considered based on fraudulent joinder and the John Doe Defendant may not be considered under 28 U.S.C. § 1441(b)(1), there was diversity jurisdiction at the time of removal. The Motion to Remand will therefore be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Remand will be DENIED. A separate Order shall issue.

Date: October 7, 2021

_____
THEODORE D. CHUANG
United States District Judge